STEWART *v.* SHAVER.

4-7578                                                  183 S. W. 2d 299

Opinion delivered November 6, 1944.

848

*Ben B. Williamson,* for appellant.

*W. M. Thompson,* for appellee.

PER CURIAM. Appeal is from the court's refusal to compel the Sharp County Board of Election Commissioners, by mandamus, to omit from the official ballot to be used in the general election November 7 the names of Bryan Hutchinson, Carey Godwin, and Glen Horton, independent candidates for county offices. They did not comply with the provisions of § 4 of Act 308 of 1913 by filing the so-called corrupt practice pledge in a timely manner. It is conceded that belated pledges were filed.

The controlling question is, Did the General Assembly, by § 13 of the act, intend that it should extend to general elections? The title is, "An Act to require campaign contracts to be in writing; to prohibit the expenditure of money or other inducements to influence votes in primary elections; to require candidates in such elections to file accounts of campaign expenses, and for other purposes."

In each of the first eleven sections "primary election" appears on the subject dealt with. Section 12 imposes penalties for violation "of any provision of this Act." Then follows § 13 in this language:

"The provisions of this Act shall apply to all general and special elections held for any purpose in this State. Should this section be held invalid by the courts, it shall not thereby be understood as affecting, and shall not affect, the other provisions of this Act, or any of them."

Section 14 is the emergency clause.

House of Representative records in the office of the Secretary of State show that § 13 was substituted for original matter, but it does not appear what the original section was.

It is insisted a presumption arises that the lawmakers concluded to broaden the bill in the sense con-

tended for by substituting, in lieu of what had been written, the language finally used—that is, "all general and special elections." This argument presupposes restrictive wording in the matter for which § 13 was the variant. Effect of appellants' theory would be that the Legislature intended, by the change, to cover all general nominating elections, all special nominating elections, and all general elections where nominees are voted on, or where (irrespective of nomination by primary procedure) a candidacy appears. Since we do not know what the abandoned provision was, speculation cannot supply the want of information.

Result is that we must deal with an act wherein the title (which, of course, is not controlling, but may be looked to in ascertaining intent) and eleven consecutive sections speak of "any primary election."

Our conclusion is that § 13 applies only to general and special elections of the kind the General Assembly was dealing with: that is, general and special primary elections.

Since the trial court declined to provide the relief asked by the petitioners, we do not decide whether Act 54 of 1939 is constitutional. Appellants contend that it is valid.

Affirmed.